**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1200
_____

WALTER A. CHRUBY,
Appellant

v.

KIRK BEARJAR; ANNETTE KOWALEWSKI; JENNIFER SCHROCK; JAMEY
LUTHER; STEPHANIE WOOD; M.D. JOHN STRAMAT; M.D. ROBERT VALLEY;
JOSH SHOLA; M.D. SCOTT MORGAN; KAREN FEATHER; CORRECT CARE
SOLUTIONS LLC; SECRETARY PENNSYLVANIA DEPARTMENT OF
CORRECTIONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:17-cv-01631)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2025
_____

Before:  PHIPPS, FREEMAN, and CHUNG, *Circuit Judges*

(Filed: January 29, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PHIPPS, *Circuit Judge*.

An inmate prone to urinary tract infections sued prison employees in their individual capacities under 42 U.S.C. § 1983 for refusing to place him in a single cell despite his and his doctors' assertions that doing so would prevent future infections. He brought claims for deliberate indifference under the Eighth Amendment, and in response to the employees' dispositive motions, the District Court rejected those claims. On *de novo* review of the inmate's timely appeal, we will affirm the orders of the District Court.

## FACTUAL BACKGROUND

Since age twelve, Walter Chruby, an inmate currently serving a life sentence, has suffered from a series of renal and urinary conditions. As a result, Chruby has only one kidney, is susceptible to developing urinary tract infections, commonly referred to as UTIs,[1] and at times has had to self-catheterize – which has further increased his risk of infection.

As of 2016, Chruby had been incarcerated for nineteen years and had spent over ten of those years at SCI-Laurel Highlands. Throughout his time there, Chruby repeatedly requested to be housed in a single cell with a private bathroom. He argued that these accommodations were medically necessary to reduce his exposure to bacteria that would cause him to develop UTIs. In support of his position, Chruby obtained three letters from physicians.

In 2009, Chruby sent the prison a doctor's letter that opined that a private bathroom would help reduce Chruby's infections. But the prison did not commit to housing Chruby

---

[1] A UTI is "an infection of one or more parts of the urinary tract," which includes the kidneys (which produce urine), the bladder (which stores urine), the ureters (which carry urine from the kidneys to the bladder), and the urethra (which drains urine from the bladder out of the body). RelayClinical, *Urinary Tract Infection in Men* (App. 546–47). Generally, UTIs are caused by bacteria. *See id.* (App. 547). Causes of infection include use of a catheter, scarring in the urinary tract, and kidney stones. *See id.* (App. 547).

2

in a single cell with a private bathroom. Although from time to time he was housed without a cellmate, those situations were not intended to be permanent.

In January 2016, Chruby made a written request to the prison superintendent, Jamey Luther, for a single cell. And for a three-week period in February 2016, he had one. Afterward, he received a cellmate – a ninety-two-year-old, allegedly infirm man.

On August 1, 2016, while he was housed with that cellmate, Chruby was able to present the prison with a second doctor's letter, which provided a more forceful medical opinion. After explaining that single celling would reduce Chruby's exposure to bacteria and would thus "dramatically reduce Mr. Chruby's rate of UTI and other complications," the doctor opined that "providing Mr. Chruby with a single cell is, without question, medically necessary." Letter from Matthew Davidson, D.O., to James J. Kutz, Esq. (Aug. 1, 2016) (App. 984). But despite that doctor's characterization of single celling Chruby as "critical in protecting the functionality of his solitary kidney," *id.*, and despite a follow-up letter from another doctor asserting that single celling would help "Chruby . . . avoid more dangerous[] and potential life threatening infections," Letter from Mang Chen, M.D., to James J. Kutz, Esq. (Aug. 25, 2016) (App. 985), Chruby was not given his own cell for the two-and-a-half months he remained at SCI-Laurel Highlands before being transferred to a different prison on October 13, 2016.

## PROCEDURAL HISTORY

On September 12, 2017, Chruby initiated this suit in the District Court, alleging, among other claims, violations of the Eighth Amendment for deliberate indifference to his serious medical needs. For those Eighth Amendment claims, he sued three SCI-Laurel Highlands employees in their individual capacities pursuant to 42 U.S.C. § 1983: Corrections Health Care Administrator Annette Kowalewski, who oversaw the prison's

3

medical services, staff, and vendors; SCI-Laurel Highlands Superintendent Jamey Luther, who managed the prison and was responsible for investigating Chruby's grievances; and Registered Nurse Supervisor Jennifer Schrock, who helped oversee the prison's nurses.[2]

Those defendants filed dispositive motions, and in response, the District Court adopted two Reports and Recommendations from a Magistrate Judge that relied on the timing of the doctors' letters. First, in response to the defendants' motion to dismiss, the District Court dismissed Chruby's claims predating the second doctor's letter on August 1, 2016. Second, after discovery, the District Court granted summary judgment to the defendants for claims for the two-and-a-half-month period after the second doctor's letter when Chruby had a cellmate at SCI-Laurel Highlands because he did not show anything more than a difference of medical opinion as to his request for a single cell and because Kowalewski and Schrock were not involved in Chruby's housing decisions. *See* Fed. R. Civ. P. 56(a).

Through a timely appeal, Chruby invoked this Court's appellate jurisdiction over final decisions, *see* 28 U.S.C. § 1291, to challenge the rejection of his Eighth Amendment claims.

### DISCUSSION

**A. The District Court properly dismissed the claims pertaining to the pre-August 2016 period.**

To survive a motion to dismiss on his Eighth Amendment claims, Chruby must have alleged "enough fact[s] to raise a reasonable expectation that discovery [would] reveal evidence of" the elements of deliberate indifference. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding "that

---

[2] Chruby also sued six other prison employees or contractors, but on April 14, 2023, he voluntarily dismissed those claims with prejudice.

deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment" (internal citation omitted) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976))). But Chruby did not plausibly plead that Kowalewski, Luther, or Schrock had the requisite intent. In his complaint, Chruby asserted that he did not start contracting UTIs until he was moved out of a single cell in 2015, which he argued meant the prison officials should have known that single celling was medically necessary. He also attached the 2009 letter in which a doctor asserted that providing Chruby with a *private bathroom* would help minimize infections. But nowhere did Chruby indicate that any doctor told the prison officials that placing Chruby in a *single cell* would prevent infections. And one cannot reasonably infer that the prison employees were deliberately indifferent simply because they failed to respond to evidence that merely *suggested* a cause of infection – especially since the doctor's letter did not request single celling. *See Spruill v. Gillis*, 372 F.3d 218, 235–36 (3d Cir. 2004); *see also Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (explaining that "to allege the requisite mental state for . . . 'deliberate indifference,'" a plaintiff must show "that prison officials knew of and disregarded 'an excessive risk to inmate health or safety'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994))). Accordingly, the motion to dismiss was properly granted.

## B. The District Court properly granted the defendants' summary judgment motion.

As to the remainder of Chruby's claims, the defendants moved for summary judgment under a *Celotex* theory by arguing that Chruby lacked evidence of a necessary element of his case: deliberate indifference. *See Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 630 (3d Cir. 2024) ("[U]nder the *Celotex* approach, a moving party may . . . demonstrate that the nonmoving party has not made 'a showing sufficient to establish the

existence of an element essential to that party's case . . . *on which that party will bear the burden of proof at trial*.'" (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.13 (3d Cir. 1993) (explaining that to proceed to trial, there must be genuine issues of fact as to both whether the official provided adequate care and the official's intent to do so). Because, as explained below, Chruby did not make a showing sufficient to establish that any of the defendants was deliberately indifferent to his serious medical needs, the District Court correctly granted this motion.

*1. Corrections Health Care Administrator Annette Kowalewski*

A "mere disagreement as to the proper medical treatment" does not constitute deliberate indifference. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)); *see also Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." (citing *Youngberg v. Romeo*, 457 U.S. 307, 322–23 (1982))). It is undisputed that whenever Chruby or one of his doctors requested that he be placed in a single cell, the prison's doctors conducted an independent assessment to determine whether single celling was medically necessary – and they always concluded that it was not. In addition, Kowalewski testified during her deposition that, based on her medical experience, single celling was not necessary. She explained that UTIs in men are caused more by poor personal hygiene than by the environment, which is why there was no correlation between when Chruby contracted UTIs

6

and when he was single celled.[3] Thus, there was a difference in medical opinion about the proper treatment for Chruby – and a difference in opinion does not constitute deliberate indifference. *See Pearson*, 850 F.3d at 535.

Chruby also has not shown that Kowalewski was deliberately indifferent in allowing the elderly man to be transferred into his cell. The prison's doctors reviewed every inmate's transfer. And when a Department of Corrections attorney later raised questions about whether the cellmate posed medical concerns, Kowalewski provided one of the prison's doctors with the cellmate's most recent medical information and confirmed that the doctor still had no concerns. Accordingly, since Kowalewski relied on the prison's doctors in allowing the elderly cellmate to remain with Chruby, Chruby has not demonstrated that she was deliberately indifferent. *See Brown*, 903 F.2d at 278. Summary judgment was therefore properly granted in her favor.

### 2. *Superintendent Jamey Luther*

There is no genuine dispute that Luther relied on the medical opinions of Kowalewski and the prison's doctors that it was not necessary to single cell Chruby. Specifically, the prison consulted a set of doctors – including doctors located at the prison, doctors associated with an outside vendor, and a resident nephrologist associated with the outside vendor – and not one of them expressed concern about Chruby's double celling. When a person with no medical training relies on a medical professional's recommendation

---

[3] At the summary judgment stage, Chruby produced an expert report arguing that single celling was medically necessary and that the prison's doctors were not equipped to opine on what was best for Chruby. But the report was unsworn, and an unsworn report may not be considered on a summary judgment motion if the opposing party objects, *see Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (citing what was then Fed. R. Civ. P. 56(e) and what is now Fed. R. Civ. P. 56(c)(4)), as the defendants did. Even if the expert report were considered, it would demonstrate only that the prison's doctors may have been incorrect in their assessment, not that the defendants were deliberately indifferent by relying on its doctors' opinions.

about an inmate's care, that person cannot have the requisite intent for deliberate indifference unless she had "a reason to believe (or actual knowledge) that prison doctors or their assistants [were] mistreating (or not treating)" the inmate. *Spruill*, 372 F.3d at 236. And Chruby has not presented any evidence suggesting that Luther should have doubted these doctors' conclusions, let alone that she should have assumed that they were mistreating Chruby. Thus, Chruby has not made a showing sufficient to conclude that Luther had the requisite intent for deliberate indifference, and summary judgment was properly granted in her favor.

### 3. Registered Nurse Supervisor Jennifer Schrock

There is no dispute that Schrock, unlike Kowalewski and Luther, did not have any control over Chruby's housing. And an individual cannot be deliberately indifferent as to an inmate's treatment if she is not personally involved with that treatment. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Accordingly, without a showing that Schrock was involved in Chruby's housing, it was proper to enter summary judgment in her favor.

### CONCLUSION

For the above reasons, we will affirm the judgment of the District Court.